COURT OF APPEALS
DECISION
DATED AND FILED

March 24, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2024AP2452-CR**
**2024AP2453-CR**

Cir. Ct. Nos. 2022CF373
2022CF391

**STATE OF WISCONSIN**

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

JASMEINE MONIQUE STEBER,

    DEFENDANT-APPELLANT.

---

APPEALS from orders of the circuit court for Brown County: TAMMY JO HOCK, Judge. *Affirmed in part, reversed in part and causes remanded with directions*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jasmeine Steber appeals from orders committing her to the Department of Health Services (DHS), following determinations that she was not guilty by reason of mental disease or defect (NGI) in two criminal cases, and from subsequent orders in each case placing her in institutional care. Steber challenges the lengths of the commitments and the sufficiency of the evidence to support the institutional placements.

¶2 We conclude the lengths of the commitments exceeded the maximum terms authorized by statute, but the evidence was sufficient to support the placements. We therefore affirm the placement orders, affirm the commitment orders in part, reverse the commitment orders in part, and remand the matter with directions that the circuit court enter amended orders vacating the excessive portions of the terms of the commitments.

## BACKGROUND

¶3 In Brown County Case No. 2022CF373, the State charged Steber with fleeing or attempting to elude an officer based upon an incident in which Steber failed to stop for police and then hit a stopped vehicle. In Brown County Case No. 2022CF391, the State charged Steber with misdemeanor domestic battery and felony bail jumping based upon an incident that occurred the following day, in which a law enforcement officer observed Steber strike her mother with a closed fist after her mother unsuccessfully attempted to have her committed at the Crisis Center in Green Bay.

¶4 The parties eventually reached an agreement in which Steber would enter NGI pleas to all three counts with a stipulation that she would not contest her underlying guilt on the first phase of the criminal proceeding, and the State would stipulate to the appointed expert's conclusion that Steber was NGI and would

2

recommend conditional release. Based upon the parties' stipulations, the circuit court found Steber NGI on all three counts and ordered an outpatient predisposition investigation (PDI) report. Shortly thereafter, the court entered orders committing Steber to DHS for concurrent periods of three years and six months on the fleeing case and six years on the battery and bail jumping case.[1]

¶5 At a contested disposition hearing,[2] the PDI author, Wendy Stone (who worked as a forensic case manager with Lutheran Social Services), recommended that Steber be placed in institutional care. Stone formed the opinion that Steber posed a significant risk of bodily harm to herself or others or of serious property damage based upon: (1) Steber's diagnoses in her NGI evaluation of bipolar disorder, type I manic, with psychotic features and of cannabis use disorder, intoxication; (2) Steber's history of prior inpatient mental health care, including hospitalizations at the Nicolet Psychiatric Center in 2020 and 2022, two civil commitments (most recently in 2022-23), and an admission to the Bellin Psychiatric Center in 2023 following a suicide attempt; (3) the harm Steber caused to others and property in the index offenses; (4) another incident in which law enforcement officers transported Steber to the hospital after she was observed running down the street naked after using marijuana, where she then ripped off her hospital clothing and an IV and ran down the hallway hitting walls and turning in circles; (5) Steber's expressions in 2022 of an intent to kill her parents; (6) Steber's threats of harm to staff at the Nicolet Psychiatric Center; and (7) the

---

[1] It appears the circuit court treated the bail jumping count as controlling in the second case because it did not enter a separate period of commitment for the battery count.

[2] Because Steber has not filed a plea withdrawal motion, we do not address whether the State materially breached the plea agreement by failing to recommend conditional release.

ability to provide a more comprehensive risk assessment and treatment in an institutional setting. On cross-examination, Stone conceded that the PDI was six months old by the time of the disposition hearing. Stone nonetheless asserted that the fact that Steber had been treated on an outpatient basis during that time did not alter Stone's opinion that institutional care was warranted, based upon Steber's prior history of instability and need for ongoing treatment.

¶6    Steber's mother testified that she believed Steber was currently stable and happy and that most of the incidents cited by Stone were the result of depression and various triggering events. She also denied that Steber had hit her. However, the circuit court found the mother's testimony to be "simply not credible."

¶7    The circuit court concluded, based upon Stone's testimony and the PDI report, that conditional release would pose a significant risk of bodily harm to Steber or others, or of serious property damage. Accordingly, the court ordered that Steber be placed in institutional care. On appeal, Steber challenges both the lengths of her commitments and her placement in institutional care.

## DISCUSSION

### I. Lengths of Commitments

¶8    The maximum allowable length of an NGI commitment corresponds to the maximum term of initial confinement that would be available for the underlying offense, plus any additional imprisonment time that would be available for any applicable penalty enhancers, minus any sentence credit due. WIS. STAT.

4

§ 971.17(1)(b) (2023-24).[3]  Thus, the maximum length of commitment for fleeing or attempting to elude an officer is one year and six months, while the maximum length of commitment for felony bail jumping is three years.  WIS. STAT. §§ 346.17(3)(a) (2021-22) (classifying fleeing an officer as a Class I felony at the time of the offense); 973.01(2)(b)9. (setting a maximum confinement period of one year and six months for Class I felonies); 946.49(1)(b) (classifying felony bail jumping as a Class H felony); and 973.01(2)(b)8. (setting a maximum confinement period of three years for Class H felonies).

¶9      On appeal, the parties agree that the lengths of the commitments imposed by the circuit court here exceeded the maximum lengths authorized by law.  As a remedy, both parties ask this court to reduce the lengths of the commitments to the maximum available lengths, analogous to how excessive sentences are handled under WIS. STAT. § 973.13.  Based upon the parties' stipulation regarding an appropriate remedy, we will reverse the commitment orders in part, and remand with directions that the circuit court enter amended orders committing Steber to DHS for one year and six months on the fleeing count and three years on the bail jumping count.

## II. Placement Decision

¶10     The parties agree that WIS. STAT. § 971.17(3)(a) requires a circuit court to order institutional care for an NGI acquittee "if it finds by clear and convincing evidence that conditional release of the person would pose a significant risk of bodily harm to [the person] or to others or of serious property

---

[3] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

5

damage." The parties dispute the proper standard of review for a placement order in an NGI case, however.

¶11     The State relies on *State v. Wilinski*, 2008 WI App 170, ¶12, 314 Wis. 2d 643, 762 N.W.2d 399, for the propositions that this court must defer to the circuit court's credibility determinations and any reasonable inferences it chooses to draw and that we must affirm the circuit court's decision to order institutional care so long as the circuit court "could reasonably be convinced by evidence it has a right to believe and accept as true." Steber contends that *Wilinski*'s adoption of this sufficiency of the evidence standard for NGI placement decisions was "inherently flawed." She asserts that a more appropriate standard would be to first uphold any factual findings by the circuit court that are not clearly erroneous and then independently review whether the statutory criteria for ordering institutional care have been satisfied based upon those facts.

¶12     Steber acknowledges in a footnote that this court is bound by its own decisions. *Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997). She appears to ask that this court "signal disfavor" of the standard of review adopted in *Wilinski*, either by stating that the case was wrongly decided or by issuing a certification asking the Wisconsin Supreme Court to revisit the issue. We decline to do either. *Wilinski* has been in effect for several years and countless appeals have been decided under its formulation of the standard of review. Steber is welcome to challenge the continued viability of *Wilinski* before the Wisconsin Supreme Court, if she chooses to do so.

¶13     Steber next argues that, even under the *Wilinski* standard of review, the only reasonable inference to be drawn from the fact that Steber was being treated on an outpatient basis during the six months preceding the disposition

6

hearing is that she would not present the requisite danger on conditional release. We disagree. A competing inference that Steber would present the requisite danger could be drawn from her multiple hospitalizations in the years before the hearing, several of which involved actual harm to others and threats of harm to others directly linked to Steber's mental illness. The circuit court was entitled to draw the competing inference which supported institutionalization. We therefore affirm the court's placement decision.

*By the Court.—*Orders affirmed in part, reversed in part and causes remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.